CLOSED,ACO,TransferredOutCase-DoNotDocket

**U.S. District Court**
**Eastern District of New York (Brooklyn)**
**CIVIL DOCKET FOR CASE #: 1:15-cv-03137-SJ-LB**



15-5617

Shevchuk et al v. National Railroad Passenger Corporation et al
Assigned to: Judge Sterling Johnson, Jr
Referred to: Magistrate Judge Lois Bloom
Case in other court: Queens County Supreme Court, 705194/2015
Cause: 28:1441 Notice of Removal

Date Filed: 05/29/2015
Date Terminated: 10/14/2015
Jury Demand: None
Nature of Suit: 360 P.I.: Other
Jurisdiction: Federal Question

**Plaintiff**

Polina Shevchuk                                    represented by **Philip Russotti**
                                                   Wingate, Russotti, Shapiro & Halperin LLP
                                                   420 Lexington Avenue
                                                   Suite 2750
                                                   New York, NY 10170
                                                   (212) 986-7353
                                                   Email: prussotti@wrslaw.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

FILED
OCT 14 2015
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

**Plaintiff**

Lyudmila Shevchuk                                  represented by **Philip Russotti**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

Petro Shevchuk                                     represented by **Philip Russotti**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**National Railroad Passenger Corporation**        represented by **John A. Bonventre**
*doing business as*                                Landman, Corsi, Ballaine & Ford P.C.
Amtrak                                             One Gateway Center - 4th Floor
                                                   Newark, NJ 07102
                                                   973-623-2700
                                                   Fax: 973-623-4496
                                                   Email: jbonventre@lcbf.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

Brandon Bostian                                    represented by **John A. Bonventre**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/29/2015 | 1 | NOTICE OF REMOVAL by National Railroad Passenger Corporation, d/b/a Amtrak from Queens County Supreme Court, case number 705194/2015. (Filing fee $ 400 receipt number 0207-7775669) (Attachments: # 1 Civil Cover Sheet, # 2 Certificate of Service, # 3 Corporate Disclosure Statement, # 4 Exhibit A, # 5 Exhibit B) (Bonventre, John) (Attachment 1 replaced on 6/3/2015) (Bowens, Priscilla). (Entered: 05/29/2015) |
| 05/29/2015 | 2 | DISCLOSURE of Interested Parties by National Railroad Passenger Corporation. (Bowens, Priscilla) (Entered: 06/03/2015) |
| 05/29/2015 |   | Case assigned to Judge Sterling Johnson, Jr and Chief Mag. Judge Steven M. Gold. (Bowens, Priscilla) (Entered: 06/03/2015) |
| 06/02/2015 |   | NOTICE - emailed attorney regarding filling out completely the second page of the civil cover sheet. (Bowens, Priscilla) (Entered: 06/02/2015) |

| | | |
|---|---|---|
| 06/03/2015 | 3 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link:http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent.** (Bowens, Priscilla) (Entered: 06/03/2015) |
| 06/03/2015 | 4 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made, if any. (Bowens, Priscilla) (Entered: 06/03/2015) |
| 06/15/2015 | 5 | WAIVER OF SERVICE Returned Executed by Polina Shevchuk, Petro Shevchuk, Lyudmila Shevchuk. National Railroad Passenger Corporation waiver sent on 6/9/2015, answer due 8/10/2015. (Russotti, Philip) (Entered: 06/15/2015) |
| 06/26/2015 | 6 | Copies of Documents filed in JPMDL. Copies of Docket Sheets and Complaints were attached but not docketed. (Galeano, Sonia) (Entered: 06/30/2015) |
| 07/06/2015 | 7 | MOTION for Extension of Time to File Answer by National Railroad Passenger Corporation. (Bonventre, John) (Entered: 07/06/2015) |
| 07/06/2015 | | ORDER finding as moot 7 Motion for Extension of Time to Answer: The time to answer is already set for 8/10/2015. So Ordered by Chief Magistrate Judge Steven M. Gold on 7/6/2015. (Vasquez, Lea) (Entered: 07/06/2015) |
| 07/10/2015 | 8 | PLTFFS Declan MacFarland and Kathryn Varnum's interested party response in support of Motion for Transfer of Action to the Eastern District of Pennsylvania pursuant to 28 USC sec. 1407 for Coordinated or Consolidated Pretrial proceedings. (Galeano, Sonia) (Entered: 07/13/2015) |
| 07/13/2015 | 9 | Letter dated 7/9/15 from Peter M. Villari to Clerk of Court, re: Amtrak Derailment in Philadelphia, PA on 5/12/15. (Galeano, Sonia) (Entered: 07/15/2015) |
| 07/29/2015 | 10 | WAIVER OF SERVICE Returned Executed by Polina Shevchuk, Petro Shevchuk, Lyudmila Shevchuk. Brandon Bostian waiver sent on 7/27/2015, answer due 9/25/2015. (Russotti, Philip) (Entered: 07/29/2015) |
| 08/03/2015 | 12 | Letter dated 7/27/15 from Fredric S. Eisenberg to counsel, enclosing a time stamped copy of the Waiver of Service of Summons with regards to case #2:15-cv-3342 (LDD). (Galeano, Sonia) (Entered: 08/10/2015) |
| 08/07/2015 | 11 | SCHEDULING ORDER: An in-person initial conference will be held at 12:00 p.m. on October 13, 2015 before the undersigned in Courtroom 13-D South. Counsel are directed to refer to and comply with the attached Order. So Ordered by Chief Magistrate Judge Steven M. Gold on 8/7/2015. (Attachments: # 1 Chambers Individual Rules) (Vasquez, Lea) (Entered: 08/07/2015) |
| 08/10/2015 | 13 | ANSWER to Complaint by Brandon Bostian, National Railroad Passenger Corporation. (Attachments: # 1 Affidavit of Service) (Bonventre, John) (Entered: 08/10/2015) |
| 09/02/2015 | 14 | Notice of Related Case (Davis, Kimberly) (Entered: 09/02/2015) |
| 10/07/2015 | | NOTICE TO ALL COUNSEL: This case will be randomly assigned to another Magistrate Judge. Accordingly, the conference scheduled for October 13th is canceled and no appearance is necessary. (Vasquez, Lea) (Entered: 10/07/2015) |
| 10/07/2015 | | Magistrate Judge Lois Bloom randomly assigned and added per Magistrate Gold's request. Chief Mag. Judge Steven M. Gold no longer assigned to case. (Brown, Marc) (Entered: 10/07/2015) |
| 10/13/2015 | 15 | JPMDL Conditional Transfer Order: IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Legrome D. Davis for coordinated orconsolidated pretrial proceedings. (Marziliano, August) (Entered: 10/13/2015) |
| 10/14/2015 | 16 | REQUEST FOR CASE TRANSFER and CERTIFIED COPY of JPMDL Conditional Transfer Order: IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Legrome D. Davis for coordinated or consolidated pretrial proceedings (Marziliano, August) (Entered: 10/14/2015) |
| 10/14/2015 | | Case transferred to District of Eastern District of Pennsylvania. Original file, certified copy of transfer order, and docket sheet sent. **ALL FILINGS ARE TO BE MADE IN THE TRANSFER COURT, DO NOT DOCKET TO THIS CASE.** (Marziliano, August) (Entered: 10/14/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/14/2015 14:32:51 | | | |
| PACER Login: | ud1652:4263085:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:15-cv-03137-SJ-LB |
| Billable Pages: | 3 | Cost: | 0.30 |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____ED-NY_____  15-cv-5617

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☐

Does this case involve multidistrict litigation possibilities?   Yes☐  No☐
RELATED CASE, IF ANY:
Case Number: __MDL 2654-TR__  Judge __Davis__   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) __10/14/15__

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, _____, counsel of record do hereby certify:
   ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
   ☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                         Attorney-at-Law              Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/14/15__   __Eric Sobieski__   _____
                     Attorney-at-Law            Attorney I.D.#
CIV. 609 (5/2012)



UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**FILED**
OCT 1 4 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

IN RE: AMTRAK TRAIN DERAILMENT IN
PHILADELPHIA, PENNSYLVANIA, ON MAY 12, 2015

MDL No. 2654

15-5617

### TRANSFER ORDER

**Before the Panel:** Plaintiffs in four actions pending in the Eastern District of Pennsylvania move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Eastern District of Pennsylvania. This litigation currently consists of nineteen actions pending in the District of New Jersey, the Eastern and Southern Districts of New York, and the Eastern District of Pennsylvania, as listed on Schedule A. Additionally, the Panel has been notified of forty-five related actions pending in six districts.[1] All of the actions at issue assert claims for personal injury or wrongful death arising from the derailment of Amtrak Regional Rail Train No. 188 on May 12, 2015, in Philadelphia, Pennsylvania.

Plaintiffs in four actions and four potential tag-along actions pending in the Eastern District of Pennsylvania, as well as Defendant National Railroad Passenger Corporation (Amtrak), support the motion. Plaintiffs in two actions pending in the Southern District of New York oppose centralization, as do plaintiffs in a potential tag-along action pending in the Eastern District of New York.[2] The plaintiffs opposing centralization argue that centralization of this litigation is unnecessary because Amtrak has stated in court filings that it will not contest its liability for compensatory damages resulting from the derailment. They contend that, as a result of this concession, the only issues left to be resolved are plaintiffs' individual claims for damages, a plaintiff-specific factual inquiry.

We are not persuaded by the opponents' arguments. Although Amtrak has conceded liability for compensatory damages, it has not conceded liability for punitive damages, which are sought by plaintiffs in most of the actions. Thus, common discovery relating to the circumstances of the derailment likely will be necessary for plaintiffs to establish the factual predicates for an assessment

---

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Plaintiffs in two potential tag-along actions pending in the District of New Jersey initially opposed centralization, but withdrew their opposition shortly before the Panel's October 1, 2015 Hearing.

of punitive damages. Additionally, all plaintiffs may be subject to a statutory cap on the aggregate allowable award to all rail passengers arising from a single accident, inclusive of punitive damages. *See* 49 U.S.C. § 28103. In these circumstances, consolidation or coordination before a single judge likely will yield significant efficiency and cost benefits for both the parties and the courts.

Accordingly, on the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization of this litigation in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of the derailment of Amtrak Regional Rail Train No. 188 on May 12, 2015, near the Frankford Junction in Philadelphia, Pennsylvania. All of the actions assert that Amtrak was negligent in its operation of Train No. 188, which reportedly was traveling over 100 miles per hour in an area of track subject to a speed limit of 50 miles per hour. Plaintiffs also fault Amtrak for failing to equip Train No. 188 with a Positive Train Control system, which they allege would have prevented the train from exceeding the speed limit. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Eastern District of Pennsylvania is the most appropriate transferee district for pretrial proceedings in this litigation. Of the sixty-four related actions of which the Panel has notice, thirty-five are pending in the Eastern District of Pennsylvania. The center of gravity of this litigation is located in this district, which is where the derailment occurred, the track at issue was maintained, and emergency medical services were provided. The Eastern District of Pennsylvania also is both convenient and accessible for the parties and witnesses, most of whom are located on the eastern seaboard. Finally, centralization in this district provides us the opportunity to assign the litigation to the Honorable Legrome D. Davis, an experienced jurist who we are confident will steer this litigation on a prudent course.

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Legrome D. Davis for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |